UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTIN S. FRIEDLANDER,

    Plaintiff,

vs.                                                          No. 06cv0399  WPJ/LCS

LOS ALAMOS NATIONAL BANK,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's motions for protective orders, filed September 6 and September 8, 2006, and Plaintiff's motion for sanctions, filed September 12, 2006. (Docs. 32, 35, 39.)  The Court, having considered the motions, memoranda, and relevant authorities, finds that the motions for protective orders should be **GRANTED IN PART** and the motion for sanctions should be **DENIED**.  The Court finds no need for oral arguments on the motions and will **VACATE** the hearing scheduled for October 3, 2006.  (Doc. 38.)

Plaintiff's attempts to take depositions are improper.  According to Local Rule 26.4, "[a] party *may not seek discovery* under these rules or the Federal Rules of Civil Procedure before the parties have conferred as required by FED. R. CIV. P. 26(f) except by agreement of all parties or by Court order."  D.N.M. LR-Civ. 26.4 (emphasis added).  Moreover, Federal Rule 26(d) prevents parties from seeking discovery "before the parties have conferred as required by Rule 26(f)."  FED. R. CIV. P. 26(d).  Rule 26(f) directs parties to meet and confer "as soon as practicable and in any event at least 21 days before a scheduling conference is held or a scheduling

order is due under Rule 16(b) . . . ." FED. R. CIV. P. 26(f).  Because a dispositive motion to dismiss is pending, the Court has not entered an Initial Scheduling Order, which would require the parties to meet and confer by a date certain.  (*See* Doc. 12.)  Because the parties have not conferred, discovery has not commenced, and so Plaintiff's attempts to take depositions are procedurally improper.

In his motion for sanctions, Plaintiff contends that Defendant has "abused and twisted the provisions of the [Federal Rules] dealing with depositions under Rule 30."  (Doc. 39 at 2.)  On the contrary, Rule 30 provides that "[a] party must obtain leave of court . . . if, without the written stipulation of the parties, . . . *a party seeks to take a deposition before the time specified in Rule 26(d)* . . . ." FED. R. CIV. P. 30(a)(2)(C) (emphasis added).  Defendant was within its right to resist the depositions.  Nor may Plaintiff rely on FED. R. CIV. P. 56(f) to merit taking the depositions.  Rule 56(f) allows a party *opposing* a motion for summary judgment to obtain affidavits or depositions in order to present "facts essential to justify the party's opposition . . . ." FED. R. CIV. P. 56(f).  Defendant filed a motion to dismiss, which is not encompassed by Rule 56(f).  (Doc. 12.)  Plaintiff filed the motion for summary judgment, and so he is not seeking the deposition as a party "in opposition." FED. R. CIV. P. 56(f).

The Federal Rules allow a person or party from whom discovery is being sought to file a motion for protective order.  FED. R. CIV. P. 26(c).  "The Court may grant a protective order when it is necessary to 'protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Velasquez v. Frontier Med. Inc.*, 229 F.R.D. 197, 200 (D.N.M. 2005) (quoting FED. R. CIV. P. 26(c)).  Because there is a dispositive motion to dismiss pending and discovery has not commenced in this action, and moreover, because Plaintiff has not moved

2

for relief under the Federal Rules, I will grant Defendant's motions for protective orders in part.

**WHEREFORE,**

**IT IS THEREFORE ORDERED** that Defendant's Motion for Protective Order on Deposition of William C. Enloe (Doc. 32) is **GRANTED IN PART**: the motion requesting the Court to excuse Mr. Enloe from appearing at the deposition is **GRANTED AT THIS TIME**. Defendant's motion for a protective order until Judge McFeeley's order becomes final is **DENIED AT THIS TIME**. The protective order will be lifted if and when discovery begins in this case. The issue of whether Plaintiff designated Mr. Enloe as a Rule 30(b)(6) is **DENIED AS MOOT**, because Plaintiff denied designating Mr. Enloe as such. (*See* Docs. 32 at 4, 34 at 4.) Defendant's requests for the Court to rule on the issues of where the deposition will be taken and the scope of the deposition are **DENIED AS MOOT**. Defendant's request for attorney fees and costs are **DENIED**: each party will pay its own costs with respect to these this motion.

**IT IS FURTHER ORDERED** that Defendant's Motion for Protective Order on Depositions of Heather Boone and Tom Baker (Doc. 35) is **GRANTED IN PART**: the motion requesting the Court to excuse Ms. Boone and Mr. Baker from appearing at the deposition is **GRANTED AT THIS TIME**. Defendant's motion for a protective order until Judge McFeeley's order becomes final is **DENIED AT THIS TIME**. The protective order will be lifted if and when discovery begins in this case. Defendant's requests for the Court to rule on the issues of where the deposition will be taken, the scope of the deposition, and whether certain information is privileged are **DENIED AS MOOT**. Defendant's request for attorney fees and costs are **DENIED**: each party will pay its own costs with respect to this motion.

**IT IS FURTHER ORDERED** that Plaintiff's motion for sanctions (Doc. 39) is **DENIED**.

**IT IS FURTHER ORDERED** that the hearing set in this matter is **VACATED**. (Doc. 38.)

**IT IS SO ORDERED**.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**